# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **PICO BYTE SYSTEMS, LLC,** | |
| **Plaintiff,** | Case No. _____ |
| v. | |
| **POLK AUDIO, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pico Byte Systems, LLC, files this Complaint against Polk Audio, Inc., for infringement of United States Patent No. 7,719,981 (the "'981 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff Pico Byte Systems, LLC ("Plaintiff" or "Pico Byte"), is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 211 E. Tyler Street, Suite 600-A, Longview, Texas 75601.

4. Upon information and belief, Defendant Polk Audio, Inc. ("Defendant") is a California corporation with a principal office located at 1Viper Way, Vista, CA 92081. On information and belief, Defendant may be served via its registered agent, Corporation Service

Company dba SCS Lawyer Investigating Services at 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833-3502.

## PERSONAL JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District. In addition, and in the alternative, Defendant has committed acts of infringement in this District. Defendant has sold and offered for sale, and continues to sell and offer for sale the products that are alleged herein to infringe, in the Eastern District of Texas.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,719,981)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '981 Patent with sole rights to enforce the '981 Patent and sue infringers.

10. A copy of the '981 Patent, titled "Adaptive Transmission in Multi-Access Asynchronous Channels," is attached hereto as Exhibit A.

11. The '981 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

12. Upon information and belief, Defendant has infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '981 Patent, including at least claims 1, 2 and 6, by using the patented methods of the '981 Patent in connection with its products (the "Accused Products") that include Bluetooth capability in compliance with IEEE standard 802.15.1-2005, which delineates the wireless medium access control (MAC) and physical layer (PHY) specifications for wireless personal area networks (WPANs). This standard can be retrieved from IEEE's website at https://standards.ieee.org/findstds/standard/802.15.1-2005.html.

13. The Accused Products of Defendant include, without limitation:

    a. Defendant's laptops, including without limitation the Aspire Switch 12.

    b. Defendant's desktop computers, including without limitation the Revo Build.

    c. Defendant's tablets, including without limitation the Iconia Tab 8.

    d. Defendant's smartphones, including without limitation the Liquid Jade Z.

    e. Defendant's wearables, including without limitation the Liquid Leap+.

For avoidance of doubt, the products identified herein are identified for exemplary purposes only and in no way limit the discovery and infringement allegations against Defendant concerning other products that use the same or reasonably similar technology as those specifically identified, in compliance with IEEE standard 802.15.1-2005.

14. Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '981 Patent, including at least Claims 1, 2 and 6, by, among other things, actively inducing infringement through customers' and end users' use of Accused Products to practice the patented methods of the '981 Patent. Defendant's customers and end users of Accused Products who purchase and/or operate such products in accordance with Defendant's

instructions and the capabilities built in to the Accused Products by Defendants directly infringe one or more claims of the '981 Patent, including at least Claims 1, 2 and 6, in violation of 35 U.S.C. § 271.

15. Defendant has built Bluetooth capability in compliance with IEEE standard 802.15.1-2005 into the Accused Products. Therefore, when a customer or end user of an Accused Product uses an Accused Product in its normal, intended use, such use infringes the '981 Patent. In addition, Defendant instructs customers and end users of Accused Products on how to use Bluetooth capability in compliance with IEEE standard 802.15.1-2005 through user manuals, user guides, Defendant's website and/or other materials promoting Accused Products, which results in infringement of the '981 Patent. Defendant is thereby liable for infringement of the '981 Patent pursuant to 35 U.S.C. § 271(b).

16. The infringement contentions that will be prepared and served pursuant to Local Rules 3-1 and 3-2 are incorporated into the Complaint by reference. Further, a detailed claim chart showing infringement by the Accused Systems will be made available immediately upon request.

17. Defendant will have been on notice of the '981 Patent since, at the latest, the service of this Complaint. By the time of trial, Defendant will thus have known and intended (since receiving such notice), that its continued actions would actively induce infringement of at least Claims 1, 2 and 6 of the '981 Patent.

18. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

19. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,719,981 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

d) Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

e) Award Plaintiff pre-judgment and post-judgment interest and costs; and

f) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: June 29, 2016 Respectfully submitted,

*/s/ Todd Y. Brandt*
Todd Y. Brandt
State Bar No. 24027051
BRANDT LAW FIRM
222 N. Fredonia Street
Longview, Texas 75606
Telephone: (903) 212-3130
Facsimile: (903) 753-6761
tbrandt@thebrandtlawfirm.com

***Attorneys for Plaintiff Pico Byte Systems, LLC***